

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2009

# USA v. Kenrick

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4754

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Kenrick" (2009). *2009 Decisions.* Paper 2046.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2046

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-4754

———

UNITED STATES OF AMERICA

v.

DERRICK KENRICK
a/k/a Charles Salter

Derrick Kenrick,
Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 04-cr-00291)
District Judge: Hon. Arthur J. Schwab

———

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2009

Before: SLOVITER and BARRY, Circuit Judges, and
POLLAK[*], District Judge

(Filed: January 13, 2009)

———

OPINION

———

[*] Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

SLOVITER, Circuit Judge.

**I.**

Derrick Kenrick pled guilty pursuant to a plea agreement to traveling with an intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) and was sentenced to 46 months imprisonment, followed by a life term of supervised release. Kenrick appeals the length of the term of supervised release authorized by the plea agreement.[1]

**II.**

In May 2002, Kenrick began chatting with the victim, who was then 13 years old, in an internet chat room. Kenrick and the victim chatted on a frequent basis for approximately two years, and in 2004, having proposed marriage, Kenrick traveled to Pennsylvania to see her. He soon began living in the victim's home, giving her family cash, furniture, and other valuable gifts. During this time, he engaged in some sexual contact with the victim, apparently short of sexual intercourse. Kenrick was eventually told by the victim's parents to leave the victim alone, and he responded by threatening the victim's mother and falsely claiming to be a member of the armed forces and a police officer. Kenrick was apprehended in October 2004 and indicted for violating 18 U.S.C. § 2423(b).

---

[1] This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

2

Pursuant to a plea agreement entered on July 7, 2005, Kenrick pled guilty to the charged offense. He was sentenced to 46 months imprisonment, followed by a life term of supervised release. Kenrick appealed the length and conditions of the supervised release and this court vacated the supervised release condition, holding, inter alia, that the District Court gave insufficient reasons for the imposition of the life term.

On remand, the District Court again sentenced Kenrick to a life term of supervised release, and Kenrick again appeals. This court exercises de novo review over the enforcement and interpretation of plea agreements, and Kenrick must prove a breach of the Plea Agreement by a preponderance of the evidence. United States v. Williams, 510 F.3d 416, 424 (3d Cir. 2007).

### III.

A brief overview of the relevant Plea Agreement provisions is necessary before analyzing the issues raised in Kenrick's appeal. Paragraph C.1 of the Plea Agreement states, "[t]he penalty that may be imposed upon Derrick Kenrick is: . . . (c) A term of supervised release of up to life, 18 U.S.C. §3583(k)." App. at 75-76. Paragraph C.3 of the Plea Agreement states, "[t]he parties stipulate that the November 1, 2004, Sentencing Guidelines are applicable in this case." Lastly, paragraph C.4 states, "[t]he parties agree that a sentence at the upper end of the guideline range is reasonable in this case." App. at 76.

The gravamen of Kenrick's claim is that the Plea Agreement does not authorize a

3

life term of supervised release because the term "sentence," as it appears in paragraph C.4 of the Plea Agreement, refers only to imprisonment, not supervised release. However, the plain language of the plea agreement supports the District Court's conclusion that the parties agreed to a life term of supervised release. Plea agreements are analyzed under contract law standards, United States v. Nolan-Cooper, 155 F.3d 221, 236 (3d Cir. 1998), and, therefore, this court must "examine the plain meaning of the agreement itself and construe any ambiguities in the agreement against the government as drafter." Williams, 510 F.3d at 424-25.

There is no ambiguity regarding Kenrick's "sentence," nor does Kenrick proffer any other reasonable interpretation of that term. A "sentence" encompasses many forms of punishment, including imprisonment and supervised release, and Kenrick cannot point to any language in the Plea Agreement indicating otherwise. Likewise, it strains common understanding to restrict the term "sentence" to mean only the length of imprisonment. See THE AMERICAN HERITAGE COLLEGE DICTIONARY 1242 (defining "sentence" as "a judicial decision of the punishment to be inflicted on one adjudged guilty") (3d ed. 1993).

Moreover, in paragraph C.1, Kenrick and the government agreed that the "penalty" to be imposed on Kenrick includes (a) imprisonment; (b) a fine; (c) supervised release; (d) a special assessment; and (e) mandatory restitution. Because Kenrick's "penalty," by agreement, encompasses supervised release, the term "sentence," which is after all the penalty, necessarily does as well.

After a careful reading of the Plea Agreement, it is evident that the Plea Agreement is unambiguous and the term "sentence" was intended to encompass more than just the length of imprisonment. Supervised release is a part of Kenrick's "sentence" and the guidelines not only authorize a court to impose a life sentence of supervised release for sex offenses but expressly recommend it. U.S.S.G. § 5D1.2 (Policy Statement) ("If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended.").

Finally, when this case was before us previously we remanded this issue, saying

> While we are mindful that the 2004 Sentencing Guidelines expressly provide for the possibility of a lifetime term of supervised release for Kenrick's offense, inasmuch as the district court did not provide adequate reasons for its decision, we also will vacate this provision of the sentence and remand the case so that the court may reconsider this issue during Kenrick's resentencing as well.

United States v. Kenrick, 241 Fed. Appx. 10, 17-18 (3d Cir. 2007). On resentencing, the District Court stated, inter alia, that (1) the maximum life term of supervised release "counterbalances the otherwise too lenient term of imprisonment" to which the parties agreed; (2) the victim was only 13 years old when Kenrick contacted her; (3) he worked to meet other young girls on internet chat rooms and deceived them to garner their sympathy; (4) he threatened the victim's mother; and (5) lifetime supervision is the recommended term of supervised release for sex offenders such as Kenrick. We note that we are satisfied that the District Court provided adequate reasons for imposing a life term

5

of supervised release on remand.

**IV.**

For the above mentioned reasons, we will affirm the District Court's sentence of a life term of supervised release.