# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1773

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

PAUL BRADLEY,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 09 CR 40068—**G. Patrick Murphy**, *Judge*.

SUBMITTED SEPTEMBER 14, 2011—DECIDED APRIL 5, 2012[*]

Before BAUER, WILLIAMS, and TINDER, *Circuit Judges*.

PER CURIAM. The defendant Paul Bradley pleaded guilty to traveling in interstate commerce to engage in sexual conduct with a minor. *See* 18 U.S.C. § 2423(b). He

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* Fed. R. App. P. 34(a); Cir. R. 34(f).

has now had two sentencing proceedings. At the first, the district court sentenced him to 240 months' imprisonment with ten years of supervised release, despite a guidelines range of 57-71 months. The district court based this sentence on presumed prior acts of the defendant and an unsupported assumption of recidivism, and for those reasons, we remanded the case for resentencing. *United States v. Bradley*, 628 F.3d 394 (7th Cir. 2010). At Bradley's second sentencing, the district court again sentenced him to 240 months' imprisonment, despite the same guidelines range of 57-71 months and a government recommendation of 71 months. The court further added a lifetime term of supervised release. Bradley appeals this sentence on the grounds that the district court failed to provide sufficient justification for the sentence 169 months above the guidelines range, and because the district court did not adequately consider the statutory factors in § 3553(a). For the reasons set forth below, we once again vacate the sentence and remand for resentencing.

## I. BACKGROUND

Our previous opinion summarizes the facts of this case, *Bradley*, 628 F.3d at 395-400, but we provide a summary of the facts relevant to the present appeal.

The police arrested Bradley after spotting his car parked on the side of the road shortly after midnight and finding him with T.S., a 15-year-old boy. Bradley, who is from Oregon, initially told the police that he was lost and had stopped T.S. to ask for directions, but later he admitted to

meeting T.S. through an adult phone-chat (the equivalent of an Internet chatroom conducted over the telephone). Bradley eventually learned that T.S. was younger than 18 but still traveled to Illinois to meet him. Motel records confirmed that Bradley had booked a room for one adult and one child for both the night he was arrested and the previous night. A search of Bradley's computer uncovered evidence of two child pornography images, one of them deleted.

In Bradley's presentence report, the probation officer did not identify any adult or juvenile convictions, or even prior arrests, and thus assessed no criminal history points. The probation officer calculated Bradley's total offense level at 25 with a criminal history category of one, yielding a guidelines imprisonment range of 57 to 71 months. The probation officer did not identify any factor that would warrant a sentence above the guidelines range. The district court adopted the proposed findings without any objections from the parties. At the first sentencing the government requested an above-guidelines range sentence of 87 months. The district court imposed a sentence of 240 months' imprisonment, 169 months above the high end of the guidelines range.

We vacated the sentence because the district court failed to support its assumptions that Bradley had committed prior crimes and that he would likely commit more crimes if released. The district court's unnecessarily harsh and exaggerated language, in conjunction with the lack of justification offered for the extreme variance from the guidelines, informed our decision

that the sentence was unreasonable. *Bradley*, 628 F.3d at 401. We also noted that the court adopted the findings of the presentence report, but that the presentence report contained material factual discrepancies because Bradley's and the victim's accounts of the events were incompatible. *Id.* We stated that the district court as a first step to considering the appropriate sentence, had to resolve these disputed issues of fact.[1] *Id.*

Before Bradley's second sentencing proceeding, the defense filed five ex parte motions for issuance of subpoenas duces tecum seeking the victim's schooling, juvenile court, medical, and mental health records pertaining to the victim, which the district court denied. At sentencing, the district court stated it would only rely on the stipulated facts, and would not give any weight to the contested portions of the presentence report. The court made clear that it would not, as the first district court had, speculate as to the defendant's prior acts for which there was no support, nor would it speculate as to the defendant's likelihood of recidivism. The district court assessed the § 3553(a) factors, finding many of them irrelevant, except the nature and circumstances of the offense. Regarding that factor, the court stated that "[i]t's difficult to conjure up a more serious crime than sodomizing a child." The district court then made a comparison of the instant offense to drug crimes and murder, noting that "the consequences of this

---

[1] In our previous opinion, Circuit Rule 36 applied on remand, and the case was reassigned.

offense are of a different magnitude than the offense of providing someone an intoxicating narcotic. . . . [T]he nature and circumstances of this offense have to be put slightly below the offense of murder." The district court again sentenced Bradley to 240 months' imprisonment, despite the same guidelines range of 57-71 months and the government's recommendation of 71 months. The court also increased his term of supervised release to life. Following the pronouncement of the sentence, the district court issued a written "Addendum to Judgment." The court wrote that "very few crimes are more serious than the stipulated conduct involved here," and that:

> This Court regularly sentences drug offenders to 20 years in prison. Congress has said that drug offenses are serious and warrant such heavy sentences. Congress also has spoken on crimes against children. Specifically, 18 U.S.C. § 2422(b) carries a 10-year-mandatory minimum. This Court has sentenced offenders under that statute to 10-year sentences, where the conduct involved did not include having sex with the minor. In this case Paul Bradley enticed the minor victim to have sex, traveled in interstate commerce for that purpose, and completed the sexual act.

Bradley again appeals his sentence.

## II. ANALYSIS

Bradley argues that his second sentence was unreasonable because the district court failed to sufficiently

justify the sentence 169 months above the guidelines range, and because the district court did not adequately consider the factors in § 3553(a). We review the reasonableness of the sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

"[W[e will uphold an above-guidelines sentence so long as the district court offered an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a), for imposing such a sentence." *United States v. McIntyre*, 531 F.3d 481, 483 (7th Cir. 2008) (citing *United States v. Castro-Juarez*, 425 F.3d 430, 436 (7th Cir. 2005)). We have found that the guidelines regime following *Kimbrough v. United States*, 552 U.S. 85, 101 (2007), "permits a sentencing judge to have his own penal philosophy at variance with that of the Sentencing Commission." *United States v. Higdon*, 531 F.3d 561, 562 (7th Cir. 2008) (gathering cases). Following *Kimbrough*, we have also stated that "district judges are at liberty to reject *any* Guideline on policy grounds," but we have stressed that "they must act reasonably when using that power." *United States v. Corner*, 598 F.3d 411, 415 (7th Cir. 2010) (en banc) (emphasis in original). In acting reasonably, "[a]s a matter of prudence, . . . in recognition of the Commission's knowledge, experience, and staff resources, an individual judge should think long and hard before substituting his personal penal philosophy for that of the Commission." *Higdon*, 531 F.3d at 562. A sentencing judge must give "respectful consideration to the judgment embodied in the guidelines range that he computes." *Id*. Additionally, "the court . . . needs to understand the relation between the [g]uidelines and the ultimate sen-

tence." *United States v. Bartlett*, 567 F.3d 901, 909 (7th Cir. 2009). In this case, the record does not suggest that the court's sentence was based on a policy disagreement with the applicable sentencing guideline. No party argued the applicable guideline was deficient, and the court did not anywhere state that its sentence was based on a rejection of U.S.S.G. § 2G1.3(a)(4). The record also does not show that the court employed a penal philosophy at odds with the applicable guidelines after respectful consideration of the guidelines range.[2] "A sentencing judge is not required to 'delve into the history of a guideline,'" *United States v. Garthus*, 652 F.3d 715, 721 (7th Cir. 2011) (quoting *United States v. Aguilar-Huerta*, 576 F.3d 365, 368 (7th Cir. 2009), but where a sentence is so far above the guidelines range, if such a sentence is based on a policy disagreement, we would expect to be alerted to as much.

We next look to the factors set forth in 18 U.S.C. § 3553(a). *United States v. Johnson*, 612 F.3d 889, 896 (7th Cir. 2010) ("[A] district court may impose an above-guideline sentence based on the factors set forth in § 3553(a)."). When reviewing a sentence, we must determine whether the district court offered justification "sufficiently compelling to support the degree of variance. . . . [A] major departure should be supported by a

---

[2] We note that the same court has sentenced a defendant under the same statutory provision to a within-guidelines sentence after a remand from this court. *See United States v. Miller*, 08-cr-30253, Dkt. No. 57 (S.D. Ill. Aug. 5, 2010).

more significant justification than a minor one." *United States v. Miller*, 601 F.3d 734, 739 (7th Cir. 2010) (quoting *Gall*, 552 U.S. at 50). We have stated that "[i]f the sentence imposed is outside the guidelines range, the district court must provide a justification that explains and supports the magnitude of the variance." *United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008) (citing *United States v. Omole*, 523 F.3d 691, 697-98 (7th Cir. 2008). The greater the departure, the more searching our review will be. *Higdon*, 531 F.3d at 563 ("[T]he greater the departure, the more searching will be the appellate review of the judge's exercise of his sentencing discretion."); *see also Johnson*, 612 F.3d at 896 ("[a]bove-guideline sentences must be supported with "*compelling justifications*") (emphasis added); *Gall*, 552 U.S. at 51 (district court must "justify the *extent* of the variance") (emphasis added).

The main reason proffered by the district court for the imposition of the sentence 169 months above the guidelines range was purportedly the nature and circumstances of Bradley's particular offense. The judge stated that "the nature and circumstances of this offense have to be put slightly below the offense of murder." At sentencing, the court addressed many of the 18 U.S.C. § 3553(a) factors, finding them irrelevant, but stated that "[s]o what we're talking about here are the nature and circumstances of the offense." The court continued with this reasoning in its written addendum, stating that "[v]ery few crimes are more serious than the stipulated conduct involved here." During the proceeding, the judge stated that the crime was "calculated" and

"involved a lot of thought." In the written addendum, the court added that Bradley "traveled roughly 2000 miles to have sex with a boy that he knew was 15-years-old," and that "[t]his sentence is based on Paul Bradley's desire to have sex with a child, which he acted on."

The problem with this rationale is that it provides little more than what is implicit in the instant offense. 18 U.S.C. § 2423(b) proscribes interstate travel with intent to engage in sexual conduct with a minor.[3] And the district court did not articulate either at sentencing or in its addendum why Bradley's journey required more thought than any other person crossing a state

---

[3] 18 U.S.C. § 2423(b) states:

> Travel with intent to engage in illicit sexual conduct. A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(f) provides:

> Definition. As used in this section, the term "illicit sexual conduct" means (1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age.

border with intent to commit the instant offense. "An above-guidelines sentence is more likely to be reasonable if it is based on factors [that are] sufficiently particularized to the individual circumstances of the case rather than factors common to offenders with like crimes." *United States v. Jackson*, 547 F.3d 786, 792-93 (7th Cir. 2008) (internal quotation marks and citations ommited); *see also Miller*, 601 F.3d at 739. Here, it is not clear how the individual circumstances of the offense were used to calculate Bradley's sentence.

The court found that "Bradley enticed the minor victim to have sex, travelled in interstate commerce for that purpose, and completed the sexual act." To the extent the district court relied on the commission of the sexual act when calculating its sentence, an element not required for a conviction under 18 U.S.C. § 2423(b), Bradley's base offense level was increased by two points pursuant to U.S.S.G. § 2G1.3(b)(4)(A) for the "commission of a sex act." So what the court seemed to rely upon for the sentence it imposed was already factored into the properly calculated guidelines range. It is not clear from the sentencing record how any individual circumstances of the commission of the sex act in this case were used in arriving at the chosen sentence.

We keep in mind that even where a judge considers "normal incidents" of an offense, "if such consideration is just one of many reasons the judge gave for a sentence outside the guidelines range, the sentence will be affirmed." *Carter*, 538 F.3d at 790 (internal citations omitted); *see also United States v. Aldridge*, 642 F.3d

537, 544 (7th Cir. 2011). Here, however, the potential additional rationales for the sentence 169 months above the guidelines range do not provide the "sufficient justification" required.

The district court noted the 10-year mandatory minimum sentence under 18 U.S.C. § 2422(b). The court stated that "[t]his Court has sentenced offenders under that statute to 10-year sentences, where the conduct involved did not include having sex with the minor." Under 18 U.S.C. § 2422(b), "[w]hoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so," faces a 10-year mandatory minimum. But because the statute imposed a 10-year mandatory minimum, the judge was *required* to sentence the defendants in those cases to at least ten years (and apparently sentenced them to no more). We cannot tell from the record whether the judge considered that the sentences in the cited § 2422(b) cases were no greater than necessary to serve the goals of sentencing, and accordingly, cannot tell why a sentence that is *twice* the mandatory minimum mandated by 18 U.S.C. § 2422(b) is the appropriate sentence in this case.[4]

---

[4] The court also noted that drug offenders often received 20-year sentences, and that "the consequences of this offense are of a different magnitude than the offense of providing

(continued...)

Bradley raises other objections to the sentence as well. First, he argues that the sentencing court violated the command of § 3553(a)(6) to take into account the need to avoid unwarranted sentencing disparities among defendants with similar records who were found guilty of similar conduct. In the court's written addendum, it dismissed Bradley's argument that the court should avoid a disparity with the 46-month sentence the defendant received in *United States v. McIlrath*, 512 F.3d 421 (7th Cir. 2008). In that case involving a "sting," the defendant believed he was chatting with a 15-year-old girl, who in fact did not exist. No sex act was completed in *McIlrath*, the main distinction drawn by the sentencing judge in this case. So the judge was correct to find the conduct dissimilar for § 3553(a)(6) purposes. However, Bradley cited cases at sentencing in which the defendant did engage in sexual contact with the victim, and where the defendants received far lower sentences, cases left unaddressed by the district court. *See, e.g., United States v. Kenrick*, 306 Fed. Appx. 794, 795 (3d Cir. 2009) (46-month sentence where defendant had sexual contact with 13-year-old victim); *United States v. Miller*, 08-CR-30254 (S.D. Ill. Aug. 2, 2010) (imposing a sentence of 87 months' incarceration where the defendant traveled in interstate commerce for the purpose of engaging in sexual conduct and did engage in sexual conduct

---

[4] (...continued)

someone an intoxicating narcotic." Again, however, such a finding was not made individually with respect to the circumstances of this case or Bradley in particular.

with a 14-year-old-girl and where the government pre-
sented evidence that defendant had a prior relationship
with another minor). "A sentencing court need not re-
spond expressly to every argument a defendant makes,
but it must address all of a defendant's principal argu-
ments that are not so weak as to not merit discussion."
*United States v. Johnson*, 643 F.3d 545, 549 (7th Cir.
2011) (citations and internal quotations omitted). Section
3553(a)(6) requires a court to consider such disparities,
and in this context, reference solely to one dissimilar
case without even referencing those cited cases involving
conduct that is in fact similar does not satisfy that re-
quirement. *Cf. United States v. Kirkpatrick*, 589 F.3d 414,
415 (7th Cir. 2009) ("Whenever a court gives a sentence
substantially different than the Guidelines' range, it
risks creating unwarranted sentencing disparities, in
violation of 18 U.S.C. § 3553(a)(6), for most other judges
will give sentences closer to the norm.").

The Government urges us to affirm Bradley's sentence
because other courts have affirmed sentences above
the guidelines for cases involving sexual exploitation of
children. However, in these cases the sentences were
justified with individualized factors, such as the very
young age of the victim, a history of past abuse, the
severity of abuse, or that the victim was in the care and
custody of the defendant. *See, e.g., United States v.
Henzel*, ___ F.3d ___, 2012 WL 523523, at *7 (7th Cir. Feb.
17, 2012) (affirming 135-month sentence where the
judge's reasons were "sufficiently particularized to
[the defendant] and his offense," including his directing
a 12-year-old girl to ingest drugs and alcohol, coercing

her into sexual activity despite her obvious fear and repeated protests, and where the judge found that the defendant was selfish, immature, and failed to grasp the consequences of his actions); *United States v. Jordon*, 435 F.3d 693, 697 (7th Cir. 2006) (upholding sentence 103 months above the guidelines range, citing severity of the offenses, past conviction for abusing his three-year-old daughter, and risk of recidivism); *United States v. Sanchez*, 440 Fed. Appx. 436, 441-42 (6th Cir. 2011) (unpublished) (court found sentence that was five years above the mandatory minimum to be justified due to the duration of the abuse, past abuses of the defendant, and his behavior in the community); *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (upholding sentence that was 242% beyond the top of the guidelines range based on defendant's past convictions for statutory rape, the impact on the victim, and that the defendant was in a position to care for the victim). In this case, no similar aggravating individual findings were made, and the court did not dispute that Bradley had no criminal history, showed remorse, and faced emotional and family difficulties.

Bradley also argues that the district court gave insufficient consideration to his history and characteristics. We note that we do not require that the § 3553(a) factors be comprehensively "canvass[ed]" in order to justify a sentence. *McIntyre*, 531 F.3d at 483 (citation omitted). However, in this case, the court did reference Bradley's history and characteristics in a sympathetic manner, noting that Bradley "lived and functioned at a fairly high level under extremely difficult circumstances for

most of his life," so it is puzzling from the record how "the § 3553(a) factors, *on a whole*, justify the extent of the variance." *Gall*, 552 U.S. at 51 (emphasis added); *see also United States v. Roberson*, 474 F.3d 432, 435-36 (7th Cir. 2007) (finding below-guidelines sentence unreasonable where, among other errors, discussion of the § 3553(a) factors were more likely to push the defendant's sentence upward).

To be sure, the sentencing transcript is not bare, and the district court took care to avoid particular errors that occurred during Bradley's first sentencing. But the district judge's discussion made more apparent what he did *not* consider in fashioning Bradley's sentence than what *was* considered in determining that a 240-month sentence and a lifetime term of supervised release was sufficient, but not greater than necessary to serve the goals of sentencing. In reversing the sentence, we do not question that "we will uphold an above-guidelines sentence so long as the district court offered an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a), for imposing such a sentence." *McIntyre*, 531 F.3d at 483 (citation omitted). We only emphasize that "the court . . . needs to understand the relation between the [g]uidelines and the ultimate sentence," *Bartlett*, 567 F.3d at 909, and that a "major departure," like the one in this case, "should be supported by a more significant justification than a minor one." *Miller*, 601 F.3d at 739 (quoting *Gall*, 552 U.S. at 50). We find that the district judge failed to provide a "more significant justification" to support a 240-month sentence

and a lifetime term of supervised release, and so we once again reverse.[5]

## III. CONCLUSION

For the reasons set forth above, Bradley's sentence is VACATED, and the case REMANDED for resentencing consistent with this opinion. Circuit Rule 36 shall apply on remand.

---

[5] The district court denied the defendant's motions for subpoenas duces tecum seeking the victim's records in part because it found the records irrelevant since the sentence was to be based only on the stipulation of facts, and because it did not find that exceptional circumstances existed to forgo notice to the victim under Fed. R. Crim. P. 17(c)(3). We do not find this to be an abuse of discretion, to the extent that the court only relied upon the stipulation of facts. Bradley argues that the court erred in finding that the stipulation of facts allowed for a finding that "sodomy" occurred, since the stipulation of facts only stated that there was "illicit sexual contact." The government responds that Bradley pled guilty to "aggravated criminal sexual abuse of a child," in the Illinois state court which forecloses this argument, but since that record of conviction was not presented to the district court or on appeal, we decline to address it. The parties should address on remand the relevance of the state court conviction to this issue.