NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 5, 2016
Decided November 3, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-1681

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 CR 561-2 |
| MARIA PORCAYO CARBAJAL, *Defendant-Appellant*. | Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

Maria Porcayo Carbajal pleaded guilty to using a false identification card that misrepresented her daughter's age. Because she used the card to prolong sexual abuse of her daughter, the district court sentenced her to the statutory maximum of 5 years' imprisonment. *See* 18 U.S.C. § 1028(a)(2) and (b)(2). Porcayo Carbajal challenges that sentence on three grounds: (1) the district court did not address her arguments that she was not a "willing" offender; (2) it did not explain the sentence; and (3) the sentence is too long. The district court considered her arguments, sufficiently explained the sentence, and it was reasonable, so we affirm the judgment.

Porcayo Carbajal's boyfriend Mario sexually abused her young daughter, T.P., for seven years. The abuse began in 2004, when T.P. was seven, and Mario abused T.P. almost daily. Porcayo Carbajal learned about the abuse directly from T.P. and indirectly from a school counselor (to whom T.P. had confided) when T.P. was nine. Two years later, a family friend reported to the local police that Mario was sexually touching T.P. When this prompted a social worker to question the family about the abuse allegations, Porcayo Carbajal and Mario fled with the family to avoid Mario's arrest. They absconded through Ohio and Michigan to Illinois, where they lived briefly. Porcayo Carbajal never re-enrolled her children in school.

Porcayo Carbajal committed her crime midway through the seven years of sexual abuse by helping to prolong it further. While the family lived in Illinois, Mario vaginally raped and impregnated T.P., who was then 11 years old. Once Porcayo Carbajal learned that T.P. was pregnant, she and Mario agreed to falsify an identification card for T.P. so that T.P. could get prenatal care without raising suspicion about the pregnancy. Porcayo Carbajal gave Mario a copy of her older daughter's birth certificate (she was over 18 years old), and he used it to create the fake card.

After Porcayo Carbajal helped create the fake card to conceal T.P.'s true age, the abuse continued for another three years. Six months after T.P. had her first child, Mario impregnated her again, but she miscarried because he punched her in the stomach. Then, three months after the miscarriage, he impregnated her once more, and at age 14 T.P. gave birth to her second child. Each time she was pregnant, T.P. told her mother that Mario was the father. After her third pregnancy and seven years of abuse, T.P. escaped with her children in 2012 to New York.

Porcayo Carbajal pleaded guilty to producing the false I.D. card. The district court calculated a guidelines range of 18 to 24 months. Starting with a base offense level of 6, U.S.S.G. § 2B1.1(a)(2), the court adjusted it as follows: an increase to 14 because the offense involved the risk of serious bodily injury, *see* U.S.S.G. § 2B1.1(b)(15)(A); a 2-level increase because of a vulnerable victim, *see* U.S.S.G. § 3A1.1(b)(1); another increase by 2 for use of a minor, *see* U.S.S.G. § 3B1.4.; and a reduction by 3 levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. Her criminal-history category was I.

Porcayo Carbajal argued for a sentence between 6 and 18 months. Citing to T.P.'s testimony at sentencing, her lawyer contended that Porcayo Carbajal was not a willing accomplice. T.P. had testified as follows:

I feel that I'm a mother now, I'll do anything for my children. No man or woman is going to touch my children. I also feel that [my mother] was vulnerable back then. She was scared of [Mario]. I never saw any physical abuse but I always saw verbal and emotional abuse from him against her.

Her lawyer further asserted that, because Mario did not let her work and she spoke little English, she was financially and socially dependent on him and "lived in fear that her children could be taken away."

The government argued for the maximum sentence of 60 months. It emphasized that for over seven years Porcayo Carbajal protected Mario instead of T.P. by fleeing the police, keeping her children out of school, and helping create the fake I.D. Though T.P. thought her mother was vulnerable and did not want her to serve additional time, the government argued that the sentence needed to reflect the seriousness of the crime and its lasting effects on T.P.

In sentencing Porcayo Carbajal to the statutory maximum of five years, the court acknowledged her argument that she was an unwilling offender, but rejected it:

While defendant claims to have been manipulated and threatened by her co-defendant, that does not excuse the long seven years that she allowed her daughter to be abused or the efforts that the defendant herself undertook to ensure that her co-defendant was able to continue with the abuse. The defendant had opportunities and did not stop her co-defendant. The defendant also asserts that her co-defendant was a sole financial provider for the family but, again, financial help is no excuse to offer one's child up for years of sexual abuse. The conduct that the defendant engaged in is reprehensible as counsel for defendant has also agreed with and should be strongly condemned in any civilized society. Children are vulnerable and must be protected in this society from predators who seek to prey upon them.

Although this defendant may not have herself sexually abused her daughter, her position of trust and authority over her daughter and to actively facilitate the abuse makes her even every bit the predator as her co-defendant and the sentence of this defendant must reflect the seriousness of the offense.

The district court also commented on T.P.'s testimony:

> [T.P.] loves her own children and she indicated that she would protect her own children, something that her mother did not do for her. Yet, as a mother, she has asked this Court to be lenient on her own mother, her own mother who did not protect her. That is, indeed, commendable. But it does not give her mother a pass to the consequences of such actions.

The district court addressed the statutory § 3553(a) factors. First it discussed the history and characteristics of Porcayo Carbajal, *see* 18 U.S.C. § 3553(a)(1). It noted that she had no criminal history, had lost custody of her children while she was in detention, and may be deported. But it explained that the latter two were "consequence[s] of her own conduct." Moving on to the seriousness of the offense, *see* 18 U.S.C. § 3553(a)(2)(A), it recognized that producing a false I.D. was less serious than other crimes. But, the district court said, the offense was significantly more serious here because the I.D. "was used to facilitate the continued rape and impregnation of the defendant's own minor daughter." In discussing deterrence, *see* 18 U.S.C. § 3553(a)(2)(B), the court said that "there is a definite need to deter individuals from preying on children in our society who are vulnerable and need protection" and thought that Porcayo Carbajal abused her trust and authority over her child by allowing the abuse to continue. The court added that the "public must be protected from someone who would take part in facilitating the sexual abuse of a child," *see* 18 U.S.C. § 3553(a)(2)(C). Finally the court remarked that Porcayo Carbajal may need counseling and may be able to receive it in prison, *see* 18 U.S.C. § 3553(a)(2)(D).

On appeal Porcayo Carbajal first argues that the district court did not address her argument that she was not a "willing accomplice" to her daughter's sexual abuse. She breaks this argument into four parts: (1) she was frightened and intimidated by Mario; (2) she depended on him for financial support; (3) she was afraid of the authorities because of her undocumented status; and (4) her family moved abruptly because she was undocumented. Porcayo Carbajal did not make the last argument at sentencing and the record did not support it, so the district court was not required to consider it. *See United States v. Rosales*, 813 F.3d 634, 637 (7th Cir. 2016).

The district court did address the first three arguments. It acknowledged her assertions that she was "psychologically or emotionally" abused by Mario, that he was the "sole financial provider for the family," and that he "manipulated and threatened"

her. But the court reasonably found that this did not excuse her conduct because, over the seven years that Mario abused her daughter, she "had opportunities and did not stop her co-defendant." She replies that the court did not identify these "opportunities," but they are apparent from the record: (1) she had access to a school counselor who told her in 2006 that Mario was abusing T.P. but she said nothing about the abuse; (2) two years later, she also had access to a social worker who came to her house to discuss the abuse allegations but she and Mario fled with T.P. to evade Mario's arrest; and (3) another year later, she agreed to create the fake I.D. to help avoid inquiry into the source of T.P.'s pregnancy. Even if money worries, deportation fears, and emotional fragility made it costly for her to turn Mario in, the district court reasonably found that she nonetheless did not have to *enable* his sexual attacks on T.P., as she did. This finding contrasts Porcayo Carbajal's law-breaking with T.P.'s vow that she would "anything" to ensure that "no man or woman is going to touch [her] children."

Next Porcayo Carbajal argues that the district court inadequately explained its sentence. In reviewing an above-guidelines sentence, as here, we must "ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v. Bradley*, 675 F.3d 1021, 1025 (7th Cir. 2012). The district court must offer "an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a), for imposing such a sentence." *United States v. Gill*, 824 F.3d 653, 665 (7th Cir. 2016).

Although the sentence exceeded double the high end of the guidelines range, the district court adequately addressed each applicable § 3553(a) factor. It discussed Porcayo Carbajal's history and characteristics, *see* 18 U.S.C. § 3553(a)(1), such as her losing custody of her children while in detention and risking deportation, but it explained that those were "consequence[s] of her own conduct." In addressing the crime itself, *see* 18 U.S.C. § 3553(a)(2)(A), the district court recognized that creating a false I.D. was generally not a serious crime but here Porcayo Carbajal used the I.D. for "the continued rape and impregnation" of her own daughter. Finally the court discussed the need for deterrence, *see* 18 U.S.C. § 3553(a)(2)(B), shielding the public from those like Porcayo Carbajal who enable abusers, *see* 18 U.S.C. § 3553(a)(2)(C), and the counseling that she may be able to receive in prison, *see* 18 U.S.C. § 3553(a)(2)(D).

Porcayo Carbajal replies that the guideline range had already been increased to account for T.P.'s injuries, vulnerability, and minority status; she faults the district court for not explaining why a greater sentence was necessary. But the court explained that the enhancements did not fully capture the harms from Porcayo Carbajal's misconduct. The

increase for conduct involving "a conscious or reckless risk of serious bodily injury" applied because T.P.'s miscarriage of her second baby required hospitalization. The increase for a vulnerable victim applied because the fake I.D. prolonged the abuse of a minor. And the enhancement for using a minor applied because Porcayo Carbajal used T.P. to obtain state benefits. But these increases did not cover what the district court explained were Porcayo Carbajal's "reprehensible" acts of enabling a sexual "predator" of her own daughter at their home, thereby making herself a predator too, and inflicting lifelong damage on T.P.

Finally Porcayo Carbajal argues that the district court imposed a substantively unreasonable sentence. "An above-guidelines sentence is more likely to be reasonable if it is based on factors [that are] sufficiently particularized to the individual circumstances of the case rather than factors common to offenders with like crimes." *Bradley*, 675 F.3d at 1026. Porcayo Carbajal argues that she "is not the typical offender in a sexual abuse case that involved a small child." That may be, but Porcayo Carbajal pleaded guilty to using a false I.D., and this is not a typical false-I.D. case. By helping create the fake I.D., Porcayo Carbajal both concealed *and* perpetuated years of horrific, ongoing abuse and rape of her young child. Under these circumstances, the district court did not abuse its discretion in imposing the maximum, five-year sentence. The judgment of the district court is AFFIRMED.