In the

# United States Court of Appeals
## For the Seventh Circuit

No. 12-2153

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LORI HARGIS,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Southern District of Indiana, Evansville Division.
No. 3:11CR00001-001 — **Richard L. Young**, *Chief Judge.*

ARGUED SEPTEMBER 7, 2012 — DECIDED APRIL 3, 2014

Before CUDAHY, ROVNER, and TINDER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Lori Hargis solicited Leslie Vashaun White to burn down her house so that she could collect a settlement from her insurance company. Hargis was charged with conspiracy to use fire to commit wire fraud, *see* 18 U.S.C. § 844(m), and unlawful structuring of cash withdrawals to avoid financial reporting requirements, *see* 31 U.S.C. §§ 5313, 5324(a)(3), 5322(a). She pleaded guilty to the conspiracy charge in exchange for the government dismissing the structuring

charge, and the district court imposed an above-guidelines sentence of 60 months imprisonment. She asserts on appeal that the district court erred when it applied upward adjustments for obstruction of justice, *see* U.S.S.G. § 3C1.1, and her aggravating role in the offense, *see id*. § 3B1.1(c). She also challenges the reasonableness of her above-guidelines sentence. Because the facts justify the district court's decision to apply the upward adjustments, and the district judge adequately explained his rationale for imposing the 60-month sentence, we affirm the district court's judgment.

I.

Hargis put her house in Henderson, Kentucky, on the market, and when it proved difficult to sell she solicited White to burn down the house. She agreed to pay him $10,000 from the money that she anticipated receiving from her homeowner's-insurance policy. White burned down the house in December 2007, and Hargis and White were each charged with conspiracy to use fire to commit wire fraud, *see* 18 U.S.C. § 844(m), and unlawful structuring of cash withdrawals, *see* 31 U.S.C. §§ 5313, 5324(a)(3), 5322(a).

Hargis initially intended to plead guilty, but at the change-of-plea hearing she testified that, after arranging for White to burn down the house, she changed her mind and called White, telling him not to go through with the plan. She told the district court that she never again discussed the idea with White, but he nevertheless burned down the house three months later. After hearing this testimony, the court rejected Hargis's plea, reasoning that she was unable to admit guilt if she claimed to have withdrawn from the conspiracy.

The case was set for a jury trial, but a few days before trial Hargis notified the court that she wished to plead guilty after all. At the change-of-plea hearing this time, Hargis testified that after she solicited White's help, she spoke to him several times about the plan, and instructed him to set the house afire after she ensured that her children were not inside. The court accepted Hargis's guilty plea on the conspiracy charge, and the government dismissed the remaining charge.

At sentencing the district court calculated a total offense level of 14. This calculation reflected an upward adjustment of two levels for obstruction of justice, *see* U.S.S.G. § 3C1.1, two more levels up for her aggravating role in the offense as an organizer or leader, *see id*. § 3B1.1, and a reduction of two levels for acceptance of responsibility, *see id*. § 3E1.1(c). With a criminal history category of I, the court calculated a guidelines range of 15 to 21 months and sentenced Hargis above that range, to 60 months in prison. The above-guidelines sentence was warranted, the court reasoned, because the sentencing guideline that applies to Hargis's offense, *see id*. § 2K1.3, does not adequately account for the seriousness of her actions in the arson-for-profit scheme. And when he addressed the 18 U.S.C. § 3553(a) factors, the district judge noted that Hargis had burned down her own children's home, inflated her insurance claim, and filed a frivolous lawsuit against her insurance company, costing the company $100,000 in attorney's fees. The court also emphasized that Hargis's actions involved "a brazen disregard for the law, for the truth, and for the harm to others."

II.

Hargis appeals, first asserting that the district court clearly erred when it concluded that she was an organizer or leader of the offense and imposed a two-level upward adjustment under U.S.S.G. § 3B1.1(c). She insists that the court impermissibly relied on only one factor—that she recruited White—in concluding that she was a leader or organizer, and that factor alone is insufficient to support the adjustment. But we have told district courts to "make a commonsense judgment about the defendant's relative culpability" when deciding whether to impose an aggravating role adjustment, *United States v. Weaver*, 716 F.3d 439, 443 (7th Cir. 2013); *see United States v. Figueroa*, 682 F.3d 694, 697 (7th Cir. 2012), and the facts here show that Hargis led the conspiracy: She hatched the idea to burn down her house and collect the insurance proceeds; recruited White to carry out the plan; told White which day to set the house afire; planned to keep most of the profits from the offense; and attempted to maximize the money that she hoped to receive from the insurance company by inflating the insurance claims, filing a frivolous lawsuit against the company, and lying under oath at her deposition in that case. *See United States v. Golden*, 954 F.2d 1413, 1418–19 (7th Cir. 1992) (concluding that defendant was organizer in arson offense because he recruited co-conspirator and distributed proceeds from the offense, keeping most for himself); *United States v. Paccione*, 202 F.3d 622, 624 (2d Cir. 2000) (reasoning that defendants organized arson because they recruited co-conspirators and gave them access to property to be set on fire). The district court therefore did not clearly err when it concluded that Hargis led the conspiracy.

Hargis next challenges the district court's conclusion that she obstructed justice when she testified at the first change-of-plea hearing that she had changed her mind and told White not to burn down the house. *See* U.S.S.G. § 3C1.1. She contends that her testimony, although false, was nonetheless insufficient to support a defense that she had abandoned the conspiracy; therefore, she concludes, she did not willfully attempt to obstruct justice by attempting to exonerate herself.

We disagree with Hargis and conclude that her testimony would have allowed her to advance a withdrawal defense. *See United States v. Walker*, 721 F.3d 828, 840 (7th Cir. 2013) (explaining that conspirator withdraws from conspiracy when he communicates to co-conspirators that he has abandoned the conspiracy's goals); *United States v. Emerson*, 501 F.3d 804, 811 (7th Cir. 2007) (same). Hargis falsely testified that, after she told White to burn down the house, she called him and told him not to go through with the plan. If that testimony were believed, then White burned down the house of his own, independent volition. Because this testimony could allow a reasonable factfinder to conclude that Hargis may have withdrawn from the conspiracy, it is not an admission of the crime of conspiracy, so the district court could not accept her guilty plea to that crime. *See United States v. Bahena-Navarro*, 678 F.3d 492, 495 (7th Cir. 2012) (explaining that district court must identify factual basis for guilty plea); *United States v. Rea-Beltran*, 457 F.3d 695, 700–01 (7th Cir. 2006) (noting that factual basis requirement is designed to protect defendant who may not realize "that his conduct does not actually fall within the charge") (internal citation and quotation marks omitted). As a result of her lies to the district court, it scheduled the case for

trial, forcing the government to prepare for trial and the possibility of an abandonment defense.

Even if Hargis's false testimony did not put her guilt as a co-conspirator into question, it had the effect of minimizing her role in the offense, and that alone is sufficient to warrant the adjustment. *See United States v. White*, 582 F.3d 787, 797 (7th Cir. 2009). By stating that she told White not to go through with the arson, she could have led the court to believe that White took it upon himself to burn down the house. And if believed, her testimony could have then influenced the court to apply a minor role reduction, giving her a shorter sentence. *See id.*; *United States v. Sharp*, 436 F.3d 730, 738 (7th Cir. 2006). Because Hargis's false testimony related to her guilt and role in the offense, the district court correctly imposed the adjustment for obstruction of justice.

Hargis also raises two challenges to the reasonableness of her above-guidelines sentence. She first asserts that the district court erred when, in sentencing her on the conspiracy conviction, it considered evidence that she had committed the underlying offense of arson. But in sentencing for conspiracy, it is well within the court's discretion to consider the defendant's commission of the underlying offense, *see* U.S.S.G. § 1B1.4.

She also argues that the district court did not explain or justify its above-guideline sentence. But the court adequately considered the factors under 18 U.S.C. § 3553(a), *see United States v. Hodge*, 729 F.3d 717, 721 (7th Cir. 2013), and offered compelling justifications for the sentence, *see United States v. Bradley*, 675 F.3d 1021, 1025 (7th Cir. 2012); *United States v. Johnson*, 612 F.3d 889, 896 (7th Cir. 2010). The district judge

acknowledged that Hargis has no criminal history and is unlikely to commit future crimes, *see* 18 U.S.C. § 3553(a)(2)(C). He also considered several letters from Hargis's family and friends attesting to her good character. But the judge identified several aggravating circumstances. The applicable guideline, *see* U.S.S.G. § 2K1.3(a)(5), the judge observed, deals with explosive materials and does not appear to be designed to account for arson-for-profit cases like Hargis's. The judge also remarked that Hargis's crime was "incredible" because she had schemed and lied to the court, her insurance company, and her own family. *See id*. § 3553(a)(1). As further evidence of the seriousness of Hargis's offense, *see id*. § 3553(a)(2)(A), the judge noted that: She burned down the house that she shared with her two children and contained many of their personal belongings; the fire posed a substantial risk of harm to a neighbor who entered the house in fear that Hargis's children were inside, as well as the firefighters who responded; and finally, Hargis inflated the amount of loss from the fire, committed perjury, and filed a frivolous lawsuit against her insurance company. Because the district judge discussed factors "sufficiently particularized" to Hargis's individual circumstances and adequately justified the sentence, we find no error. *See United States v. Stinefast*, 724 F.3d 925, 932–33 (7th Cir. 2013) (quotation marks and citation omitted).

AFFIRMED.