In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2799

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN MAY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 CR 00257 — **Edmond E. Chang**, *Judge.*

ARGUED MARCH 5, 2014 — DECIDED APRIL 8, 2014

Before EASTERBROOK, MANION, and HAMILTON, *Circuit Judges.*

MANION, *Circuit Judge.* John May appeals his ten-year sentence for conspiracy to distribute cocaine base, and challenges in particular the district court's (1) assessment of an adjustment under U.S.S.G. § 3B1.1 for his aggravating role in the offense and (2) refusal to award safety-valve relief. But May's large role in coordinating his co-conspirator's activities

supported the court's application of the § 3B1.1 adjustment and disqualified him from the safety valve. We affirm.

The following facts are undisputed. May and his cousin, Valdemere Collier, sold crack cocaine to an FBI informant on three occasions. Before the first sale, May instructed Collier to deliver a sample of the cocaine to the informant and to tell the informant the price for larger amounts. Three cocaine sales then took place between December 2008 and March 2009. For each sale, May and the informant discussed the quantity of drugs to be sold and the price, and May told the informant to pick up the cocaine at Collier's house. May instructed Collier to accept the informant's payment and ensure that the informant took possession of the cocaine. According to the government at sentencing, during these transactions May waited in another room or outside until each sale was complete. After each sale Collier turned the money over to May, who then gave Collier a share of the profits but kept a larger portion for himself.

After his arrest, May pleaded guilty to conspiracy to possess with intent to distribute crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846. The plea agreement noted that the parties disagreed on whether May had acted as a supervisor warranting a two-level adjustment under U.S.S.G. § 3B1.1. With regard to May's eligibility for safety-valve relief under § 3553(f), the agreement stipulated that May satisfied four of the five requirements, but noted the parties' disagreement over the remaining element: whether May was an "organizer, leader, manager, or supervisor of others in the offense."

In May's presentence investigation report, the probation officer recommended against imposing the § 3B1.1 adjustment because May was only an "average participant" in the offense and had involved Collier to "insulate himself from the transactions … in the most minimal way," as "more of an afterthought than a calculated element of the offense scheme." And because May did not warrant the § 3B1.1 adjustment, the probation officer reasoned, he qualified for the safety-valve reduction, *see* 18 U.S.C. § 3553(f)(4), and should not be subject to the ten-year statutory minimum, *see* 21 U.S.C. § 841(b)(1)(A). The presentence report recommended that the applicable sentencing guideline range was 70 to 87 months in prison.

At sentencing, the government argued for the § 3B1.1(c) adjustment on grounds that May was an organizer, leader, manager, or supervisor. May was more culpable than Collier, the government contended, because he had access to the cocaine supply, negotiated the price and quantity, told Collier what to do, and kept most of the sales' profits. May countered that he was collaborating with Collier, not supervising him, and did not deserve the adjustment. Because he did not act as a supervisor, May asserted, he satisfied the remaining element for safety-valve relief and the district court could sentence him without regard to the statutory minimum.

The district court accepted the government's position that May held a supervisory role in the offense and applied the § 3B1.1 adjustment. According to the court, May told Collier what to do, decided whether and how much Collier was paid, and tried to distance himself from the sales by using Collier to handle the transactions. Without further explanation, the court concluded that May did not qualify for the safety-valve

provision and therefore was subject to the ten-year statutory minimum.

On appeal May first contends that the district court erred by imposing the § 3B1.1 adjustment for playing an aggravating role in the offense. He maintains that he and Collier were equal partners and collaborated in the offense, and neither held a higher position than the other. According to May the facts are "equally consistent" with the view that he was not a supervisor.

May's bald assertion about "equally consistent" facts is a non-starter, given our deferential standard of review. *See United States v. Doe*, 613 F.3d 681, 686 (7th Cir. 2010). If two possible conclusions can be drawn from the evidence, then the choice between them cannot be clearly erroneous. *United States v. Hatten-Lubick*, 525 F.3d 575, 580 (7th Cir. 2008). And the facts here support the district court's conclusion that May supervised Collier: May set the price and quantity, obtained the cocaine from his supplier, instructed Collier to deliver a sample and oversee the sales, and May distributed the proceeds from the sales, always keeping more for himself. *See United States v. Vaughn*, 722 F.3d 918, 935–36 (7th Cir. 2013) (defendant gave drugs to co-conspirator, told co-conspirator where to meet buyer, and co-conspirator turned profits over to defendant); *United States v. Figueroa*, 682 F.3d 694, 697 (7th Cir. 2012) (defendant paid and directed co-conspirator to obtain and deliver drugs).

May next asserts that notwithstanding the § 3B1.1 adjustment, the court erred in determining that his supervision of just one person disqualified him from safety-valve relief under

18 U.S.C. § 3553(f)(4). He focuses on the reference in the safety-valve provision to the plural "others": a defendant is not eligible for the safety valve if he was "an organizer, leader, manager, or supervisor of *others*." 18 U.S.C. § 3553(f)(4) (emphasis added); U.S.S.G. § 5C1.2(a)(4). May interprets this provision to mean that the safety valve remains available to a defendant who supervised only one person, and he supervised only Collier.

But under the rules of construction for the United States Code, "words importing the plural include the singular" unless the context indicates otherwise. 1 U.S.C. § 1; *see also Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 200–01 (1993) (courts may depart from § 1's presumptive definitions to avoid "forcing a square peg into a round hole"); *United States v. Holcomb*, 657 F.3d 445, 448 (7th Cir. 2011). Further support for denying the safety valve to a supervisor of a single person appears in 18 U.S.C. § 3553(f)(4), which disqualifies a defendant from the safety valve if he was a "supervisor of others in the offense, *as determined under the sentencing guidelines*." 18 U.S.C. § 3553(f)(4) (emphasis added). The plain language of § 3553(f)(4) conditions safety-valve relief on whether the defendant is characterized as a supervisor anywhere in the guidelines, *see id*.; U.S.S.G. § 5C1.2(a)(4); *Doe*, 613 F.3d at 690, and the commentary to § 3B1.1 authorizes the two-level adjustment as long the defendant supervised "*one or more*" participants. U.S.S.G. § 3B1.1 cmt. n.2. (emphasis added); *see also United States v. Gonzalez-Mendoza*, 584 F.3d 726, 728–29 (7th Cir. 2009) (§ 3B1.1 adjustment for defendant's supervision of one co-conspirator foreclosed argument for safety-valve

relief). Because May properly received the two-level adjustment under § 3B1.1, he is not eligible for safety-valve relief.

AFFIRMED.