In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2369

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

NATHAN BENHOFF,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:10-cr-00205 — **Harry D. Leinenweber**, *Judge.*

ARGUED APRIL 29, 2014 — DECIDED JUNE 17, 2014

Before BAUER, FLAUM, and KANNE, *Circuit Judges.*

PER CURIAM. Nathan Benhoff appeals his sentence and two
"special" conditions of supervised release imposed by the
district court after he pleaded guilty to knowingly transporting
and shipping child pornography, 18 U.S.C. § 2252A(a)(1). The
court had sentenced Benhoff below the guidelines to 120
months' imprisonment, followed by a lifetime of supervised
release, including conditions that prohibited him from (1)
possessing sexually stimulating material and (2) having contact

with minors. We affirm the prison sentence but grant the parties' request for a limited remand so that the district court can narrowly tailor Benhoff's special conditions of supervised release to his circumstances.

Nathan Benhoff entered into online chats with undercover agents on a file-sharing network over which he traded files containing child pornography. Five times over a two-month period, he gave undercover agents access to his file-sharing network; this allowed agents to view or download images and videos of child pornography from his computer. FBI agents obtained a search warrant for Benhoff's home and discovered 6,544 images and 1,683 videos of child pornography on his computer and electronic-storage devices.

Benhoff pleaded guilty to one count of knowingly transporting child pornography, 18 U.S.C. § 2252A(a)(1). A probation officer calculated a guidelines range of 210 to 262 months, subject to the 240-month statutory maximum, 18 U.S.C. § 2252A(b)(1), and recommended that Benhoff be sentenced to the statutory maximum.

Benhoff countered at sentencing that a five-year statutory minimum sentence was more appropriate, based on his "unprecedented" success in rehabilitation, *see* 18 U.S.C. § 2252A(b)(1). He cited the letters filed on his behalf by his psychologists who praised his progress and noted his low risk for recidivism. He also argued that he should not be subject to U.S.S.G. §§ 3B1.3 (use of a computer) and 2G2.2(b)(3) (possession of more than 600 images), both of which he deemed outdated given the widespread use of computers and ease of image downloads, and he emphasized that today's child-

pornography crimes were far from the "clandestine" activity which offenders once had to seek out "in some back alley." And Benhoff urged the court to consider his extensive cooperation with authorities to prosecute other child-pornography offenders.

The district court acknowledged Benhoff's progress in rehabilitation, but concluded that deterrence and the serious nature of child-pornography crimes warranted a below-guidelines, 120-month sentence. The court also imposed a lifetime of supervised release governed by the special conditions recommended in the presentence report—conditions that, in relevant part, prohibited Benhoff from possessing "any pornographic, sexually oriented, or sexually stimulating materials" or having "contact with any person under the age of 18, except in the presence of a responsible adult who is aware of the nature of his background and current offense, and who has been approved by the probation officer and treatment officer."

On appeal Benhoff argues that the district court disregarded three of his principal arguments concerning the application of the sentencing factors under 18 U.S.C. § 3553(a). First he points out that the court ignored letters from his psychologists showing that he was less likely to reoffend, based on his significant rehabilitative efforts post-arrest. But the court was "not required to specifically address every discrete point contained in a complex, nuanced psychological report," *United States v. Hodge*, 729 F.3d 717, 722 (7th Cir. 2013), and the court acknowledged reviewing the letters and believing that Benhoff had "achieved some success." Second Benhoff contends that the court ignored his argument that the guideline

provisions concerning computer use and number of images were obsolete and unfairly punished child-pornography offenders. But the court rejected this argument implicitly, noting that the internet is "subject to unspeakable evil uses" and that Congress intended to punish online child-pornography offenses severely. Finally Benhoff argues that the court overlooked his argument that he cooperated extensively with the government. But Benhoff barely developed this argument in the district court and in any event the court awarded him a 1-level reduction in offense level under U.S.S.G. § 3E1.1(b) for assisting in the investigation. Benhoff offers no other basis to rebut the presumption that this below-guidelines sentence is reasonable, *see United States v. Klung*, 670 F.3d 797, 800 (7th Cir. 2012), so we affirm the sentence.

Benhoff next challenges the two special conditions of his supervised release as overbroad. He argues that the condition that bans sexually stimulating materials is overbroad in that it bans both lawful material and illegal ones, and he adds that it does not relate to the offense of conviction. He also challenges the no-contact provision as overbroad because it impermissibly deprives him of his First Amendment right to associate with minors (including family), and is not reasonably related to the § 3553(a) sentencing factors.

The government concedes, and we agree, that a limited remand is appropriate so that the district court can on remand narrowly tailor these conditions. First, on remand the court should clarify what materials are "sexually stimulating" for Benhoff and narrow the scope of proscribed conduct so as not to block his access to protected speech. *See*, *e.g.*, *United States v. Siegel*,—F.3d—, 2014 WL 2210762, *6–7 (7th Cir. 2014); *United*

*States v. Shannon*, 743 F.3d 496, 501 (7th Cir. 2014); *United States v. Adkins*, 743 F.3d 176, 194 (7th Cir. 2014); *United States v. Goodwin*, 717 F.3d 511, 524–25 (7th Cir. 2013); *United States v. Loy*, 237 F.3d 251, 262–64 (3d Cir. 2001); *but see United States v. Ellis*, 720 F.3d 220, 226–27 (5th Cir. 2013); *United States v. Hobbs*, 710 F.3d 850, 855 (8th Cir. 2013); *United States v. Rearden*, 349 F.3d 608, 619–20 (9th Cir. 2003). Second, the district court should explain why a no-contact ban for minors is necessary in Benhoff's case so as not to involve a greater deprivation of liberty than necessary. *See United States v. Poulin,* 745 F.3d 796, 802 (7th Cir. 2014); *Goodwin*, 717 F.3d at 524; *United States v. Voelker*, 489 F.3d 139, 154–55 (3d Cir. 2007).

Accordingly, Benhoff's sentence is AFFIRMED, but the special conditions of supervised release prohibiting him from (1) possessing any "pornographic, sexually oriented, or sexually stimulating materials" and (2) having "contact with minors" are VACATED and REMANDED for further proceedings.