NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2014
Decided October 28, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-3854 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 1:13-cr-00141-001 |
| MARK E. GLEASON, *Defendant-Appellant.* | Tanya Walton Pratt, *Judge.* |

**O R D E R**

Mark Gleason was working as a maintenance manager for United Parcel Service when he and Dayton Sloan, a construction contractor, conspired to defraud the company. Gleason solicited Sloan to purchase VISA gift cards (usually in amounts of $100, $200, or $500) and then submit invoices to UPS representing their value as construction work that Sloan had performed. (In fact Sloan had not performed that work.) Gleason would approve the invoices on UPS's behalf and pocket the gift cards, and Sloan would receive a fee. Gleason pleaded guilty to mail fraud, *see* 18 U.S.C. § 1341, and money laundering, *see id.* § 1956(a)(1)(B)(i). The district court found that he had played an aggravating role in the offenses, *see* U.S.S.G. § 3B1.1(c), and sentenced him within the calculated guidelines' range to 44 months' imprisonment. His appointed

lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Gleason has not accepted our invitation to respond to counsel's motion. *See* 7TH CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that Gleason does not wish to challenge his guilty plea, so counsel properly forgoes discussing the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether Gleason could argue that the district court clearly erred when it concluded that he was an organizer of the offenses and adjusted his offense level upward two levels under U.S.S.G. § 3B1.1(c). Although the probation officer insisted that the participants had been "equally responsible," the government pressed at sentencing for the adjustment because of Gleason's leadership role in the scheme. Gleason did not dispute that he concocted the fraudulent scheme and recruited Sloan to help carry it out, but he opposed the aggravating-role adjustment because Sloan acted "independently" by finding another bank that would provide gift cards (after his bank refused to sell him any more) and eventually refusing to falsify invoices.

We agree with counsel that Gleason could not plausibly contend that the district court clearly erred in applying the aggravating-role adjustment. *See United States v. May*, 748 F.3d 758, 760 (7th Cir. 2014). A defendant qualifies as an organizer under § 3B1.1, even if he does not "necessarily control anyone but nonetheless influence[s] the criminal activity by coordinating its members." *United States v. Skoczen*, 405 F.3d 537, 550 (7th Cir. 2005); *see also* U.S.S.G. § 3B1.1 cmt. n.2 ("To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."). Here the district court appropriately applied the adjustment after finding that Gleason had "devised" and "initiate[d]" the scheme, recruited Sloan, "arranged for the cover-up," "approved all of the fraudulent invoices," and kept a "larger share" of the proceeds for himself. *See United States v. Hargis*, 747 F.3d 917, 920 (7th Cir. 2014) (defendant "hatched" idea to commit offense, "recruited" coconspirator to carry out scheme, and planned to keep "most" of the profits for herself); *United States v. Leahy*, 464 F.3d 773, 798–99 (7th Cir. 2006) (defendant "marshaled the people and instruments" for the offense).

Counsel next considers whether Gleason could challenge the term of imprisonment as unreasonable, but properly concludes that such a challenge would be frivolous. The 44-month term is within his guidelines' range of 41 to 51 months and thus presumptively reasonable. *See United States v. Fletcher*, 763 F.3d 711, 715 (7th Cir. 2014); *United States v. Anobah*, 734 F.3d 733, 736 (7th Cir. 2013). Counsel has not identified anything in the record rebutting that presumption, nor can we. The court considered the relevant 18 U.S.C. § 3553(a) factors—including the nature and circumstances of the offense (especially Gleason's abuse of his employer's trust; the "very significant" amount of money he stole; and his "frivolous" use of the stolen money to purchase, among other things, collectors' coins and gold bars), and his history and characteristics (particularly his "stable" upbringing, military service, and "secure" employment), as well as the need to deter others from committing fraud.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.